**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:
Bernard L. Madoff Investment Securities LLC,
Debtor.

IRVING H. PICARD,
Trustee for the Liquidation of

No. 25-cv-08627 (PGG)

Bernard L. Madoff
Investment Securities LLC,

Plaintiff,

– against –

MALCOLM H. SAGE
and LYNNE FLORIO

Defendants.

RECEIVED
SDNY PRO SE OFFICE
2025 NOV -6 AM 11:41

**NOTICE OF IRREGULAR DOCKETING**

**AND MOTION TO STRIKE IMPROPER FILINGS**

Defendants Malcolm Sage and Lynne Florio respectfully submit this Notice and Motion to bring to the Court's attention a **significant docketing irregularity** and to request administrative correction of the record.

**1. Background**

On **June 7, 2023**, through prior counsel (Olshan Frome Wolosky LLP), Defendants filed a **Motion to Withdraw the Reference** in *Picard v. Sage & Florio*, **No. 23-cv-04785 (PGG)**. That motion remained unresolved for more than two years.

On **October 8, 2025**, having replaced prior counsel and now proceeding **pro se**, Defendants filed a new **Motion to Withdraw the Reference**, together with a Notice of Motion and Memorandum of Law, in *Picard v. Sage Associates*, **No. 20-cv-10057 (DLC)**. This filing was **separate and apart** from the 2023 Olshan motion, which Defendants had believed moot after two years without action.
The 2025 motion was predicated on **wholly different grounds** from the 2023 motion filed by Olshan Frome Wolosky LLP, and was based upon the pendency of Defendants' **pro se Motion under Federal Rule of Civil Procedure 60(d)(3)**alleging *fraud on the court* then pending before Judge Cote.

On **October 14, 2025**, counsel for the Trustee, Baker & Hostetler LLP, sent a joint letter to both Judge Cote and Judge Gardephe addressing the two motions to withdraw the reference — one from 2023 and the new pro se filing of October 8. *See* Exhibit A.

On **October 15, 2025**, Defendants filed a letter with Judge Gardephe formally **withdrawing — on mootness grounds — the 2023 motion to withdraw the reference** in *Picard v. Sage & Florio*, **No. 23-cv-04785 (PGG)**. *See* Exhibit B.

On **October 16, 2025**, Judge Cote **denied the October 8 motion without prejudice**, expressly permitting renewal at a later time. *See* Exhibit C.

On **October 21, 2025**, Judge Gardephe issued a handwritten order stating that "The Court understands defendants to be withdrawing — on mootness grounds — their motion to withdraw the reference. That application … is granted. The Clerk of Court is directed to terminate the motion." *See* Exhibit D.

On or about **October 22 to 24, 2025**, the Clerk of Court **inadvertently re-docketed** the October 8 motion that Judge Cote had already denied without prejudice, creating a new docket, *Picard v. Sage & Florio*, **No. 25-cv-08627 (PGG)**. Defendants did not file, serve, or consent to any motion in that docket.

On **October 31, 2025**, counsel for the Trustee filed a **Memorandum of Law in Opposition** and a **Declaration of Seanna R. Brown** in that new docket, purporting to oppose the re-docketed motion. *See* Exhibits E and F.

**2. Relief Requested**

Because the 2023 motion was withdrawn and terminated by Judge Gardephe's October 21 Order, and because the October 8 motion before Judge Cote was denied without prejudice on October 16, **no motion to withdraw the reference is currently pending in any docket.**

Defendants therefore respectfully request that this Court:

1. Confirm that the October 21 Order disposed of the only properly filed motion to withdraw the reference;

2. **Strike or administratively terminate** the inadvertently re-docketed October 8 motion and the Trustee's related filings (ECF Nos. 3–4 in **25-cv-08627 (PGG)**) as void *ab initio*; and

3. Direct the Clerk to note that the docket in **25-cv-08627 (PGG)** was opened in error and should be closed for administrative purposes.

Defendants further request such other and further relief as the Court deems just and proper.

Respectfully submitted,

Lynne Florio
Malcolm Sage
Pro Se Litigants
Apartment 14B
45 Christopher Street
New York, N.Y. 10014
mhsage18@mac.com
lmflorio18@me.com
(212) 646-0101
(212) 986-0101

Dated: New York, New York
November 6, 2025

The following exhibits accompany and support Defendants' *Notice of Irregular Docketing and Motion to Strike Improper Filings*, filed November 6, 2025. Each document is provided for the Court's convenience to illustrate the procedural chronology described in the accompanying submission.

| **Exhibit** | **Description** | **Date** | **Docket / Source** |
|---|---|---|---|
| **A** | Letters from Baker & Hostetler LLP to Judges Cote and Gardephe regarding motions to withdraw the reference | Oct 14 2025 | *Picard v. Sage Associates*, **No. 20-cv-10057 (DLC)** |
| **B** | Defendants' letter to Judge Gardephe withdrawing 2023 motion as moot | Oct 15 2025 | *Picard v. Sage & Florio*, **No. 23-cv-04785 (PGG)** |
| **C** | Order of Judge Cote denying Oct 8 2025 motion to withdraw reference without prejudice | Oct 16 2025 | *Picard v. Sage Associates*, **No. 20-cv-10057 (DLC)** |
| **D** | Handwritten Order of Judge Gardephe granting withdrawal of 2023 motion and terminating docket entry | Oct 21 2025 | *Picard v. Sage & Florio*, **No. 23-cv-04785 (PGG)** |
| **E** | Trustee's Memorandum of Law in Opposition and Declaration of Seanna R. Brown | Oct 31 2025 | *Picard v. Sage & Florio*, **No. 25-cv-08627 (PGG)** |
| **F** | Exhibit A to Brown Declaration (Sept 30 2025 Transcript before Judge Beckerman) | Sept 30 2025 | *Picard v. Sage & Florio*, Bankr. Adv. **No. 23-01099 (LGB)** |

(Exhibit F intentionally omitted
-not germane to the motion.)

# Exhibit A

Case 1:23-cv-04785-PGG Document 14 Filed 10/14/25 Page 1 of 2

BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Seanna R. Brown
direct dial: 212.589.4230
sbrown@bakerlaw.com

October 14, 2025

**VIA ECF**

Honorable Denise L. Cote
U.S. District Court for Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Honorable Paul G. Gardephe
U.S. District Court for Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007-1312

Re: *Picard v. Sage Associates*, No. 20-cv-10057 (DLC); *Picard v. Sage & Florio*, No. 23-cv-4785 (PGG)

Dear Judges Cote and Gardephe:

We are counsel to Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll* ("SIPA"), and the chapter 7 estate of Bernard L. Madoff, Plaintiff in the above-referenced cases. We write regarding motions to withdraw the reference to the Bankruptcy Court filed in each of the cases.

These cases have a long history. In 2010, the Trustee filed two adversary proceedings against, *inter alia*, Sage Associates, Sage Realty, and Malcolm Sage as partner in the Bankruptcy Court for recovery of initial transfers from BLMIS. *Picard v. Sage Associates*, No. 10-04362 (LGB) (Bankr. S.D.N.Y.); *Picard v. Sage Realty*, No. 10-04400 (LGB) (Bankr. S.D.N.Y.). In 2020, the Honorable Alison J. Nathan withdrew the reference on mandatory grounds relating to the interpretation of SIPA and the matters were set for trial before the Honorable John F. Keenan. *Picard v. Sage Associates*, No. 20-cv-10057 (S.D.N.Y.). The Trustee prevailed at trial in 2022 and the judgment was upheld on appeal. Malcolm Sage has not paid any amount towards the judgment and he recently brought a motion to vacate this judgment under Federal Rule of Civil Procedure 60(d)(3), which is fully briefed and is currently pending before Judge Cote.

During the pendency of the appeal in 2023, the Trustee brought a new complaint against Sage and Florio to recover subsequent transfers made by Sage Associates and Sage Realty to them. *Picard v. Sage & Florio*, 23-01099 (LGB), Bankr. S.D.N.Y., ECF No. 1. Shortly after, Sage and Florio moved to withdraw the reference on this case, first asserting that the interpretation of SIPA required withdrawal. Next, they claimed that the case should be permissively withdrawn, pointing to their jury trial right and *Stern v. Marshall*. *Picard v. Sage*,

No. 23-cv-04785 (S.D.N.Y. June 7, 2023), ECF No. 1. That motion is fully briefed and is pending before Judge Gardephe.

Meanwhile, the subsequent transfer action has been proceeding in the Bankruptcy Court. Recently, Bankruptcy Judge Lisa G. Beckerman ordered Sage and Florio to respond by December 15, 2025 to discovery served by the Trustee in May 2024. *Picard v. Sage*, 23-01099 (LGB) (Bankr. S.D.N.Y. Oct. 1, 2025), ECF No. 127. One week later, Sage and Florio filed this second motion to withdraw the reference on the subsequent transfer action. Rather than file it with Judge Gardephe, before whom their first motion to withdraw the reference on the subsequent transfer action is already pending, they filed it on the docket of the initial transfer case that had been withdrawn by Judge Nathan, tried by Judge Keenan, and transferred to Judge Cote.

Similar to their first motion to withdraw the reference on the subsequent transfer case before Judge Gardephe, they claim that the reference should be withdrawn on both mandatory and permissive grounds. As to mandatory grounds, they claim that the action presents substantial questions on the Internal Revenue Code. As to permissive grounds, they claim that judicial economy requires that Judge Cote hear the subsequent transfer action because it is intertwined with their Rule 60(d)(3) motion to vacate the judgment on the separate adversary proceeding on the initial transfers. *Picard v. Sage*, 20-cv-10057 (DLC), ECF No. 153.

Each of the pending motions to withdraw the reference would be largely mooted by a ruling by Judge Cote denying the motion to vacate the judgment under Rule 60(d)(3) on the initial transfer action, No. 20-10057 (DLC). One issue that could potentially be left open even after a ruling on the Rule 60(d)(3) motion is the newly-raised question of whether the subsequent transfer complaint presents issues that require substantial and material consideration of the Internal Revenue Code such that mandatory withdrawal is necessary.

While the Trustee submits that the Bankruptcy Court *could* hear these issues, to avoid further delay, he takes no position on whether the Bankruptcy or District Court is best suited to preside over the subsequent transfer action. The Trustee is eager to move this case along in any forum deemed appropriate by this Court. Should one of Your Honors wish to hear why the Bankruptcy Court is an appropriate venue for this case, the Trustee will file a response to the motion if so directed.

Respectfully submitted,

*/s/ Seanna R. Brown*

Seanna R. Brown
Partner

cc: Malcolm Sage and Lynne Florio, by EFC and email

Case 1:20-cv-10057-DLC Document 154 Filed 10/14/25 Page 1 of 2

BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Seanna R. Brown
direct dial: 212.589.4230
sbrown@bakerlaw.com

October 14, 2025

**VIA ECF**

Honorable Denise L. Cote
U.S. District Court for Southern District
of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Honorable Paul G. Gardephe
U.S. District Court for Southern District
of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007-1312

Re: *Picard v. Sage Associates*, No. 20-cv-10057 (DLC); *Picard v. Sage & Florio*, No. 23-cv-4786 (JGG)

Dear Judges Cote and Gardephe:

We are counsel to Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll* ("SIPA"), and the chapter 7 estate of Bernard L. Madoff, Plaintiff in the above-referenced cases. We write regarding motions to withdraw the reference to the Bankruptcy Court filed in each of the cases.

These cases have a long history. In 2010, the Trustee filed two adversary proceedings against, *inter alia*, Sage Associates, Sage Realty, and Malcolm Sage as partner in the Bankruptcy Court for recovery of initial transfers from BLMIS. *Picard v. Sage Associates*, No. 10-04362 (LGB) (Bankr. S.D.N.Y.); *Picard v. Sage Realty*, No. 10-04400 (LGB) (Bankr. S.D.N.Y.). In 2020, the Honorable Alison J. Nathan withdrew the reference on mandatory grounds relating to the interpretation of SIPA and the matters were set for trial before the Honorable John F. Keenan. *Picard v. Sage Associates*, No. 20-cv-10057 (S.D.N.Y.). The Trustee prevailed at trial in 2022 and the judgment was upheld on appeal. Malcolm Sage has not paid any amount towards the judgment and he recently brought a motion to vacate this judgment under Federal Rule of Civil Procedure 60(d)(3), which is fully briefed and is currently pending before Judge Cote.

During the pendency of the appeal in 2023, the Trustee brought a new complaint against Sage and Florio to recover subsequent transfers made by Sage Associates and Sage Realty to them. *Picard v. Sage & Florio*, 23-01099 (LGB), Bankr. S.D.N.Y., ECF No. 1. Shortly after, Sage and Florio moved to withdraw the reference on this case, first asserting that the interpretation of SIPA required withdrawal. Next, they claimed that the case should be permissively withdrawn, pointing to their jury trial right and *Stern v. Marshall*. *Picard v. Sage*,

Case 1:20-cv-10057-DLC Document 154 Filed 10/14/25 Page 2 of 2



No. 23-cv-04785 (S.D.N.Y. June 7, 2023), ECF No. 1. That motion is fully briefed and is pending before Judge Gardephe.

Meanwhile, the subsequent transfer action has been proceeding in the Bankruptcy Court. Recently, Bankruptcy Judge Lisa G. Beckerman ordered Sage and Florio to respond by December 15, 2025 to discovery served by the Trustee in May 2024. *Picard v. Sage*, 23-01099 (LGB) (Bankr. S.D.N.Y. Oct. 1, 2025), ECF No. 127. One week later, Sage and Florio filed this second motion to withdraw the reference on the subsequent transfer action. Rather than file it with Judge Gardephe, before whom their first motion to withdraw the reference on the subsequent transfer action is already pending, they filed it on the docket of the initial transfer case that had been withdrawn by Judge Nathan, tried by Judge Keenan, and transferred to Judge Cote.

Similar to their first motion to withdraw the reference on the subsequent transfer case before Judge Gardephe, they claim that the reference should be withdrawn on both mandatory and permissive grounds. As to mandatory grounds, they claim that the action presents substantial questions on the Internal Revenue Code. As to permissive grounds, they claim that judicial economy requires that Judge Cote hear the subsequent transfer action because it is intertwined with their Rule 60(d)(3) motion to vacate the judgment on the separate adversary proceeding on the initial transfers. *Picard v. Sage*, 20-cv-10057 (DLC), ECF No. 153.

Each of the pending motions to withdraw the reference would be largely mooted by a ruling by Judge Cote denying the motion to vacate the judgment under Rule 60(d)(3) on the initial transfer action, No. 20-10057 (DLC). One issue that could potentially be left open even after a ruling on the Rule 60(d)(3) motion is the newly-raised question of whether the subsequent transfer complaint presents issues that require substantial and material consideration of the Internal Revenue Code such that mandatory withdrawal is necessary.

While the Trustee submits that the Bankruptcy Court *could* hear these issues, to avoid further delay, he takes no position on whether the Bankruptcy or District Court is best suited to preside over the subsequent transfer action. The Trustee is eager to move this case along in any forum deemed appropriate by this Court. Should one of Your Honors wish to hear why the Bankruptcy Court is an appropriate venue for this case, the Trustee will file a response to the motion if so directed.

Respectfully submitted,

*/s/ Seanna R. Brown*

Seanna R. Brown
Partner

cc: Malcolm Sage and Lynne Florio, by EFC and email

# Exhibit B

**LYNNE FLORIO & MALCOLM SAGE**
**45 CHRISTOPHER STREET**
**NEW YORK, NEW YORK 10014**
**lmflorio18@gmail.com**
**mhsage18@gmail.com**

RECEIVED
SDNY PRO SE OFFICE
2025 OCT 15 PM 1:40

Via ECF

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

October 15, 2025

Re: *Picard v. Sage & Florio*, No. 23-cv-04785 (PGG)
Subject: Status of 2023 Motion to Withdraw the Reference

Dear Judge Gardephe:

Defendants Lynne Florio and Malcolm Sage respectfully advise that the motion to withdraw the reference filed in June 2023 has become moot following the conclusion of the related appeal and the withdrawal of prior counsel. A separate letter filed today before Judge Cote (No. 20-cv-10057 (DLC)) explains the procedural posture of the present 2025 motion to withdraw the reference, which arises from distinct facts and legal grounds. This notice is provided solely for administrative clarity.

Lynne Florio & Malcolm Sage
Pro se attorneys
45 Christopher Street
Apartment 14B
New York, N.Y. 10014
lmflorio18@gmail.com
mhsage18@gmail.com
(212)986-0101

# Exhibit C

Case 1:20-cv-10057-DLC Document 156 Filed 10/20/25 Page 1 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRVING H. PICARD,

Plaintiff,

-v-

SAGE ASSOCIATES, et al.,

Defendants.

20cv10057 (DLC)

ORDER

In 2010, the trustee and plaintiff, Irving H. Picard, brought two adversary proceedings against the defendants in bankruptcy court, Case Nos. 10-04362 and 10-04400. The instant action was initiated by the defendants' motion to withdraw the reference to bankruptcy court as to those proceedings. An Opinion of May 18, 2021 by the Honorable Alison J. Nathan granted that motion. Following a five-day trial, an Opinion of April 15, 2022 by the Honorable John F. Keenan entered judgment in favor of the trustee, and that judgment was affirmed on appeal. An Opinion issued today denies a motion by defendant Malcolm Sage and his wife, nonparty Lynne Florio, to vacate that judgment pursuant to Rule 60(d)(3), Fed. R. Civ. P.

In 2023, the trustee brought a related new adversary proceeding against Sage and Florio in bankruptcy court, Case No. 23-01099. On June 7, 2023, Sage and Florio moved to withdraw the reference as to that action, thus initiating Case No.

23cv4785. That motion remains pending in Case No. 23cv4785 before the Honorable Paul G. Gardephe.

On October 8, 2025, Sage and Florio filed a pro se motion in this action that also seeks to withdraw the reference as to Case No. 23-01099. They argue, inter alia, that the issues presented in Case No. 23-01099 overlap with the issues raised by their Rule 60(d)(3) motion.

A motion to withdraw a reference to bankruptcy court is governed by Rule 5011-1 of the Local Bankruptcy Rules, which states as follows:

> A motion for withdrawal of the reference shall be filed with the Clerk of the Court [of the Bankruptcy Court]. An original and three (3) copies of the District Court Civil Cover Letter Sheet shall be submitted to the Court. The Clerk of the Court will transmit the motion and supporting documents to the District Court. The movant shall obtain from the Clerk of the Court the District Court civil case number and name of the District Judge assigned to the motion.

S.D.N.Y. LBR 5011-1.

The motion that Sage and Florio filed in this action to withdraw the reference as to Case No. 23-01099 does not comply with the procedure required by Rule 5011-1. That motion was not properly assigned to this action or to this Court by the Clerk of Court. Nor was it proper to file such a motion in this action only because a related Rule 60(d)(3) motion, which has now been denied, was pending in this action at the time of the

filing. Moreover, a motion seeking the same relief is already pending in Case No. 23cv4785. Accordingly, it is hereby

ORDERED that Sage and Florio's October 8 motion to withdraw the reference as to Case No. 23-01099 is denied without prejudice to the motion pending in Case No. 23cv4785.

Dated: New York, New York
October 16, 2025

DENISE COTE
United States District Judge

# Exhibit D

**LYNNE FLORIO & MALCOLM SAGE**
**45 CHRISTOPHER STREET**
**NEW YORK, NEW YORK 10014**
**lmflorio18@gmail.com**
**mhsage18@gmail.com**

RECEIVED
SDNY PRO SE OFFICE
2025 OCT 15 PM 1:40

Via ECF

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

October 15, 2025

Re: *Picard v. Sage & Florio*, No. 23-cv-04785 (PGG)
Subject: Status of 2023 Motion to Withdraw the Reference

Dear Judge Gardephe:

Defendants Lynne Florio and Malcolm Sage respectfully advise that the motion to withdraw the reference filed in June 2023 has become moot following the conclusion of the related appeal and the withdrawal of prior counsel. A separate letter filed today before Judge Cote (No. 20-cv-10057 (DLC)) explains the procedural posture of the present 2025 motion to withdraw the reference, which arises from distinct facts and legal grounds. This notice is provided solely for administrative clarity.

Lynne Florio & Malcolm Sage
Pro se attorneys
45 Christopher Street
Apartment 14B
New York, N.Y. 10014
lmflorio18@gmail.com
mhsage18@gmail.com
(212)986-0101

MEMO ENDORSED

The Court understands Defendants to be withdrawing – on mootness grounds – their motion to withdraw the reference. That application to withdraw the motion on mootness grounds is granted. The Clerk of Court is directed to terminate the motion (Dkt. No. 1).

**SO ORDERED:**

**Paul G. Gardephe, U.S.D.J.**

**Dated:** October 21, 2025

# Exhibit E

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 1 of 25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>MALCOLM SAGE and LYNNE FLORIO,<br><br>Defendants / Movants. | Adv. Pro. No. 23-01099 (CGM)<br><br>No. 25-cv-08627 (PGG) |

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO**
**<u>MOVANTS' MOTION TO WITHDRAW THE REFERENCE</u>**

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 2 of 25

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....1

BACKGROUND ....2

A. BLMIS Collapses and a SIPA Liquidation is Commenced ....2

B. Sage Actions ....3

C. Subsequent Transfer Actions ....7

ARGUMENT ....10

I. NO BASIS EXISTS TO WITHDRAW THE REFERENCE ON MANDATORY GROUNDS ....12

II. MOVANTS CANNOT DEMONSTRATE CAUSE FOR PERMISSIVE WITHDRAWAL OF THE REFERENCE ....15

A. Movants' Reasons for Withdrawal Do Not Establish "Cause" ....15

B. Movants Cannot Meet the Standards for Permissive Withdrawal ....17

CONCLUSION ....19

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 3 of 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Ames Dep't Stores, Inc.*,
No. M-47 (PKL), 1991 WL 259036 (S.D.N.Y. Nov. 25, 1991)....................................11, 12

*In re Ames Dept' Stores Inc.*,
512 B.R. 736 (S.D.N.Y. 2014)....................................................................................13

*In re BLMIS LLC*,
Nos. 22-1107(L) & 22-1110bk(CON), 2023 WL 5125596 (2d Cir. Aug. 10, 2023) ..........................................................................................................6

*In re BLMIS*,
654 F.3d 229 (2d Cir. 2011) ..........................................................................................5

*Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)), *cert. denied*, 145 S. Ct. 279 (2024), ............................................................................................15

*In re Custom Contractors, LLC*,
745 F.3d 1334 (11th Cir. 2014) ....................................................................................13

*Czernicki v. Lawniczak*,
74 A.D.3d 1121 (N.Y. App. Div. 2d Dep't 2010) ..........................................................6

*Exec. Benefits Ins. Agency v. Arkison*,
573 U.S. 25 (2014)........................................................................................................18

*In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*,
130 F.3d 52 (2d Cir. 1997)............................................................................................13

*In re Hamadi*,
597 B.R. 67 (Bankr. D. Conn. 2019) ............................................................................13

*In re Ionosphere Clubs, Inc.*,
922 F.2d 984 (2d Cir. 1990)..........................................................................................10

*In re Kossoff*,
23 Civ. 4132 (JPC), 2024 WL 1892432 (S.D.N.Y. Apr. 29, 2024)...............................18

*Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin*,
599 U.S. 382 (2023)......................................................................................................14

*Lehman Bros. Holdings Inc. v. Standard Pacific Mortgage, Inc.*,
No. 19cv4080, 2019 WL 7593628 (S.D.N.Y. Aug. 23, 2019) ......................................17

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 4 of 25

*O'Connell v. Terranova (In re Adelphi Inst, Inc.)*,
112 B.R. 534 (S.D.N.Y. 1990)....13

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*,
4 F.3d 1095 (2d Cir. 1993)....11

*Pergament v. Brooklyn Law School*,
595 B.R. 6 (E.D.N.Y. 2019)....13

*Picard v. Citibank*,
12 F.4th 171 (2d Cir. 2021)....16, 17

*Picard v. Katz*,
462 B.R. 447 (S.D.N.Y. 2011)....4

*Picard v. Ken-Wen Family Ltd. P'ship (In re Madoff)*,
638 B.R. 41 (Bankr. S.D.N.Y. 2022), *appeal pending*, No. 22-cv-03882 (VEC) (S.D.N.Y.)....18

*Picard v. Mayer (In re Madoff)*,
20-01316, 2021 WL 4994435 (Bankr. S.D.N.Y. Oct. 27, 2021)....18

*Picard v. Mayer*,
No. 22-cv-00769, 2022 WL 814638 (S.D.N.Y. Mar. 17, 2022)....17

*Picard v. Sage*,
No. 20-cv-10057 (DLC), 2025 WL 2939174 (S.D.N.Y. Oct 16, 2025)....7, 15

*Picard v. Sage Realty*,
Nos. 20 Civ. 10109, 20 Civ. 10057, 2022 WL 1125643 (S.D.N.Y. Apr. 15, 2022)....5, 6, 8

*Picard v. Sage Realty*,
Nos. 20-cv-10109 (AJN), 20-cv-10057 (AJN), 2021 WL 1987994 (S.D.N.Y. May 18, 2021)....5

*Picard v. Savin (In re Madoff)*,
No. 20 CV 1186-LTS, 2020 WL 5370576 (S.D.N.Y. Sept. 8, 2020)....11, 12

*In re Purdue Pharma L.P.*,
No. 21 CV 2674 (VB), 2021 WL 5178698 (S.D.N.Y. Nov. 8, 2021)....17

*Residential Funding Co., LLC v. Suntrust Mortg., Inc. (In re Residential Cap., LLC)*,
No. 14-cv-6015 (RA), 2015 WL 739829 (S.D.N.Y. Feb. 20, 2015)....10

*SIPC v. BLMIS*,
531 B.R. 439 (Bankr. S.D.N.Y. 2015)....4

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 5 of 25

*Thaler v. Parker*,
525 B.R. 582 (E.D.N.Y. 2014) ....................11

*In re TS Emp., Inc.*,
2021 WL 5087928 (S.D.N.Y. Nov. 2, 2021) ....................17

*United States v. Johns-Manville Corp. (In re Johns-Manville Corp.)*,
63 B.R. 600 (S.D.N.Y. 1986) ....................13

*Matter of Vicars Ins. Agency, Inc.*,
96 F.3d 949 (7th Cir. 1996) ....................11

*Wong v. HSBC Bank USA, N.A. (In re Lehman Bros. Holdings Inc.)*,
532 B.R. 203 (S.D.N.Y. 2015) ....................11

**Statutes**

11 U.S.C. § 546(e) ....................3

11 U.S.C. § 550 ....................14

11 U.S.C.§ 550(a) ....................12

11 U.S.C. § 550(b) ....................18

11 U.S.C. § 550(f) ....................7

15 U.S.C. § 78eee(b)(4) ....................2, 10

15 U.S.C. § 78fff-2(c)(3) ....................16

26 U.S.C. § 6402 ....................13

26 U.S.C. § 6402(a) ....................13

28 U.S.C. § 157(a) ....................10

28 U.S.C. § 157(d) ....................10

**Rules**

Federal Rule of Civil Procedure 60(d)(3) ....................7, 9, 15

Federal Rule of Civil Procedure Rule 26 ....................5

**Other Authorities**

Revenue Procedure 2009-20 ....................12, 13, 14

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 6 of 25

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll* ("SIPA"), and the chapter 7 estate of Bernard L. Madoff, opposes this third motion to withdraw the reference (the "Motion") of the above-captioned action filed by Malcolm Sage ("Mr. Sage") and his spouse Lynne Florio ("Ms. Florio," and together, "Movants").

## PRELIMINARY STATEMENT

The Trustee's mandate is to recover as much stolen BLMIS customer property as possible to return it to its rightful owners—those BLMIS customers who deposited more than they withdrew over the life of Madoff's fraudulent scheme. To fulfill his duties, the Trustee brought over 1,100 suits against a variety of defendants, including those here. With only 58 cases left pending, the Trustee has been very successful in bringing the vast majority of these litigations to favorable conclusions for the estate through judgment and settlement.

Mr. Sage has long resisted the Trustee's efforts to bring the claims against him to a conclusion. The Trustee and Mr. Sage (among others) went to trial before the late Honorable John F. Keenan of this Court in 2022 and the Trustee obtained a judgment in his favor that avoided approximately $17 million of fraudulent transfers from BLMIS. Although the Trustee has since settled with Mr. Sage's siblings who also were found jointly and severally liable for the judgment, much of the judgment remains outstanding and Mr. Sage has not paid any amount toward satisfying it. In 2024, the Trustee sued Movants for subsequent transfers stemming out of the avoided initial transfers that were the subject of the trial. At every turn, Movants have sought to delay or dismiss these proceedings.

The instant motion—Movants' third motion to withdraw the reference of this particular case—is part of this same pattern. Movants claim that withdrawal is necessary on both

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 5 of 25

mandatory and permissive grounds. As to mandatory, Movants argue that because the Trustee's claims involve payments made by them to the federal and state taxing authorities, this Court is required to substantially and materially consider the Internal Revenue Code and related guidance. But issues relating to taxes and the Internal Revenue Code often arise in bankruptcy cases, making Movants' claim that withdrawal is mandated specious at best. And the reasons offered by Movants for permissive withdrawal—that this Court should withdraw for efficiency and fairness reasons—are largely mooted by Judge Cote's recent denial of their motion to vacate the judgment. Given that the parties are only at the very beginning of discovery, there is no need to withdraw this case now.

## BACKGROUND

### A. BLMIS Collapses and a SIPA Liquidation is Commenced

In December 2008, Madoff was arrested for securities fraud. Under SIPA, the Securities Investor Protection Corporation ("SIPC") obtained a protective decree placing BLMIS into liquidation and appointing the Trustee. *See SEC v. Madoff*, No. 08-cv-10791 (LLS) (S.D.N.Y. Dec. 15, 2008), ECF Nos. 5, 6. As is required under SIPA § 78eee(b)(4), the District Court referred the SIPA liquidation to the Bankruptcy Court.

Following his appointment, the Trustee conducted an extensive investigation of BLMIS. The Trustee determined that: (i) BLMIS never purchased any securities on behalf of its customers—*i.e.*, any and all profits reported to customers by BLMIS on their account statements were fictitious; (ii) certain customers withdrew more funds than they deposited with BLMIS, meaning they were "net winners"; and (iii) the funds received in excess of the deposits in these accounts were taken from other BLMIS customers who were "net losers." To fulfill his statutory duties, the Trustee brought more than a thousand avoidance actions to avoid and recover

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 8 of 45

BLMIS's fraudulent transfers from net winners and subsequent transferees thereof for ratable distribution to net losers with allowed claims.

As part of his overall management of the estate, and to facilitate settlements across the thousand-plus avoidance and recovery actions, the Trustee sought an order, on notice and hearing, to provide for efficient settlement procedures. The Bankruptcy Court granted the Trustee authority to settle cases under $20 million without further court approval. Order Granting Authority and Establishing Procedures for Settlement Agreements In Connection With Avoidance Actions Filed by the Trustee, *SIPC v. BLMIS*, 08-01789 (LGB) (Bankr. S.D.N.Y. Nov. 12, 2010), ECF No. 3181 (the "Settlement Order").

**B. <u>Sage Actions</u>**

In 2010, the Trustee commenced two adversary proceedings (the "Sage Actions") against two partnerships, Sage Associates and Sage Realty (together, the "Partnerships"), and the Partnerships' general partners: defendant Malcom Sage and his siblings Martin Sage and Ann Passer (collectively, the "Sages" and together with the Partnerships, the "Defendants")). *See* Compl., *Picard v. Sage Assocs.*, Adv. Pro. No. 10-04362 (Bankr. S.D.N.Y. Nov. 30, 2010) ("*Sage Assocs. Action*"), ECF No. 1; Compl., *Picard v. Sage Realty*, Adv. Pro. No. 10-04400 (Bankr. S.D.N.Y. Nov. 30, 2010) ("*Sage Realty Action*"), ECF No. 1. In the Sage Actions, the Trustee sought, among other relief, to recover fraudulent transfers totaling $16,880,000 of fictitious profits made by BLMIS to the Partnerships in the two years prior to the commencement of the liquidation (the "Initial Transfers"). Compl. ¶ 41, *Sage Assocs. Action*, ECF No.1; Compl. ¶ 41, *Sage Realty Action*, ECF No.1.

In 2011, the District Court (Rakoff, J.) withdrew the reference from the Bankruptcy Court in hundreds of the Trustee's cases, including the Sage Actions, to determine questions relating to antecedent debt and Section 546(e) of the Bankruptcy Code. Mem. Order, *Picard v. Hein*, No.

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 9 of 25

11-cv-04936 (S.D.N.Y. Nov. 29, 2011) (consol.), ECF No. 17; *see also Picard v. Katz*, 462 B.R. 447, 452 (S.D.N.Y. 2011). After these issues were resolved, the cases were returned to the Bankruptcy Court.

In 2013, the Partnerships and Sages moved to dismiss the Sage Actions, which motions were consolidated with motions to dismiss filed by other similarly situated defendants (collectively, the "Omnibus Motion to Dismiss"). *See* Mot. to Dismiss, *Sage Assocs. Action*, ECF No. 26; Mot. to Dismiss, *Sage Realty Action*, ECF No. 26. In 2015, the Bankruptcy Court granted in part and denied in part the Omnibus Motion to Dismiss. *See SIPC v. BLMIS*, 531 B.R. 439 (Bankr. S.D.N.Y. 2015); *see also* Order, *Sage Assocs. Action*, ECF No. 42; Order, *Sage Realty Action*, ECF No. 42. The Bankruptcy Court preserved the claims for avoidance and recovery of the Initial Transfers against the Partnerships and the Sages in their capacities as general partners.

Later that year, the Defendants answered the complaints and asserted several affirmative defenses. Their core defense was that, unlike the majority of BLMIS clients, Mr. Sage directed and authorized BLMIS to buy and sell specific securities and to hold those securities in their accounts. Defendants claimed that their account statements mirrored what would have happened had the transactions been executed, and for that reason, the Net Investment Method should not have applied to them. *Sage Assocs. Action*, ECF No. 43; Answer, *Sage Realty Action*, ECF No. 43. In their answers, the Partnerships admitted they were New York partnerships, and the Sages admitted they were each partners of the Partnerships. Answer ¶¶ 7, 9–11, *Sage Assocs. Action*, ECF No. 43; Answer ¶¶ 7, 9–11, *Sage Realty Action*, ECF No. 43.

The parties then engaged in fact and expert discovery through 2019. Among other documents, Defendants produced federal and state partnership and individual income tax returns

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 28 of 45

which included Schedule K-1s which the Partnerships issued to the Sages. Defendants did not disclose any experts under Rule 26, nor did they depose the Trustee's experts.

Following an unsuccessful mediation in early 2020, the Bankruptcy Court ordered the parties to prepare for trial. During negotiations on a joint pre-trial order, Defendants argued that the Bankruptcy Court did not have final adjudicative authority over them. In December 2020, Defendants moved to withdraw the reference to the Bankruptcy Court in the Sage Actions. Mot., *Picard v. Sage Assocs.*, No. 20-cv-10057 (S.D.N.Y. Dec. 1, 2020), ECF No. 1; Mot., *Picard v. Sage Realty*, No. 20-cv-10109 (S.D.N.Y. Dec. 1, 2020), ECF No. 1. After briefing, the District Court (Nathan, J.) withdrew the reference from the Bankruptcy Court on mandatory grounds relating to SIPA. *Picard v. Sage Realty*, Nos. 20-cv-10109 (AJN), 20-cv-10057 (AJN), 2021 WL 1987994, at *7 (S.D.N.Y. May 18, 2021). The cases were thereafter consolidated in the District Court and trial was set for January 2022. *Picard v. Sage Assocs.*, No. 20-cv-10057 (S.D.N.Y. June 21, 2021), ECF No. 25.

Over a five-day bench trial, the Honorable John F. Keenan heard testimony from eight witnesses, five of them live, and admitted over 2,000 exhibits into evidence. In April 2022, Judge Keenan issued a ninety-five-page decision. *Picard v. Sage Realty*, Nos. 20 Civ. 10109, 20 Civ. 10057, 2022 WL 1125643 (S.D.N.Y. Apr. 15, 2022). The Court found that the "transactions reflected on the Sages' customer account statements were the product of Madoff's after-the-fact fabrications, not the directions and authorizations of Malcolm Sage." *Id.* at *15. Thus, the Court found the only approach consistent with SIPA and the Second Circuit's *Net Equity Decision* was to treat the Partnerships' BLMIS accounts like all other BLMIS accounts, by applying the Net Investment Method and ordering the Sages to return the fictitious profits they received for the benefit of all BLMIS customers. *Id.* at *17–22 (citing *In re BLMIS*, 654 F.3d 229, 233 (2d Cir.

2011)). Next, the Court found that the Partnerships—Sage Associates and Sage Realty—were New York partnerships and that the Sages—Malcolm, Martin, and Ann—were general partners of the Partnerships. *Id.* at *28–30. Despite the fact that there was no partnership agreement, the Court made this finding on the basis that the Sages shared in the accounts' profits and losses, financially contributed to the accounts, and identified the Partnerships as general partnerships on federal, state, and local tax returns. *Id.* at *29–30. Having found in favor of the Trustee on all issues, the Court entered a judgement of joint and several liability against Defendants in the amount of $16,880,000 (with $13,510,000 attributed to Sage Associates and $3,370,000 attributed to Sage Realty). Judgment, *Picard v. Sage Assocs.*, No. 20-cv-10057 (S.D.N.Y. Apr. 20, 2022), ECF No. 114.

In May 2022, Mr. Sage appealed the judgment to the Second Circuit. After briefing and argument, the Second Circuit affirmed the District Court's ruling in all respects, finding that the Trustee correctly calculated the net equity of the Partnerships' BLMIS accounts and that the Sages were general partners in the Partnerships. *In re BLMIS LLC*, Nos. 22-1107(L) & 22-1110bk(CON), 2023 WL 5125596 (2d Cir. Aug. 10, 2023) (summary order). As to that latter holding by the District Court, the Second Circuit reviewed the conduct of the Sages and affirmed that they constructively formed partnerships in the entities that held the BLMIS accounts, including profit sharing, an "essential element of a partnership." *Id.* at *4 (citation modified). The Circuit also found that they had "presented themselves to be partners via their tax returns . . . and in New York, 'parties are bound by the representations made in . . . partnership tax returns.'" *Id.* at *4 (quoting *Czernicki v. Lawniczak*, 74 A.D.3d 1121, 1124 (N.Y. App. Div. 2d Dep't 2010)). For these reasons, the Second Circuit concluded that the District Court did not err in

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 12 of 25

holding the Sages are general partners of the Partnerships and therefore are jointly and severally liable for the entire judgment.

The Second Circuit denied Mr. Sage's request for rehearing (No. 22-1107, ECF No. 242). Mr. Sage filed a petition for certiorari to the United States Supreme Court, which was denied in June 2024. *Sage v. Picard*, No. 23-1175, 2024 WL 1941329 (U.S. Apr. 24, 2024), *cert. denied*, No. 23-1175, 2024 WL 2805768 (U.S. June 3, 2024) (Mem.).

More than a year later, Movants sought to vacate the judgment under Federal Rule of Civil Procedure 60(d)(3), alleging various frauds by the Trustee on the Court. The Honorable Denise L. Cote denied their motion, finding that Movants did not show that there was any fraud on the Court, nor were their other allegations sufficient for relief under Rule 60, even if proven (which they were not). *Picard v. Sage*, No. 20-cv-10057 (DLC), 2025 WL 2939174, at *2 (S.D.N.Y. Oct 16, 2025). On October 30, 2025, Movants sent the Trustee a copy of motion to have Judge Cote reconsider her decision but it has not yet been docketed.

### C. <u>Subsequent Transfer Actions</u>

The Trustee's investigation revealed that the Partnerships had made subsequent transfers of BLMIS customer property to the Sages and, in the case of Mr. Sage and his brother Martin Sage, also to their respective spouses. Under Bankruptcy Code § 550(f), the Trustee had one year after the avoidance of the initial transfers to bring any subsequent transfer actions. Because none of the Sages had paid a single dollar to the Trustee toward satisfying the judgment before the statute of limitations was going to run on his subsequent transfer claims, in April 2023, the Trustee brought three adversary proceedings against the Sages and two of their spouses to recover approximately $14 million in subsequent transfers. Compl., *Picard v. Passer*, Adv. Pro. No. 23-01097 (Bankr. S.D.N.Y. Apr. 19, 2023), ECF No. 1; Compl., *Picard v. Martin Sage*, Adv. Pro. No. 23-01098 (Bankr. S.D.N.Y. Apr. 19, 2023), ECF No. 1; Compl., *Picard v.*

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 13 of 25

*Malcolm Sage*, Adv. Pro. No. 23-01099 (Bankr. S.D.N.Y. Apr. 19, 2023), ECF No. 1 (seeking the return of approximately $4.75 million in subsequent transfers to Movants).[1]

Through the complaint against Movants, the Trustee seeks to follow the flow of customer property. He alleges that BLMIS transferred customer property to Sage Associates (transfers that the District Court avoided), portions of which were subsequently transferred to Mr. Sage. These funds were used to make payments to taxing authorities for his anticipated tax liability on the Partnership' purported profits from its BLMIS account, as reported on joint tax returns he filed with Ms. Florio. Compl., *Picard v. Malcolm Sage*, Adv. Pro. No. 23-01099 (Bankr. S.D.N.Y. Apr. 19, 2023), ECF No. 1. Following the announcement of Madoff's fraud, Movants sought, through the filing of amended returns, refunds of these payments on the basis that "[a]ll income and gains from Bernard L. Madoff are being eliminated from taxable income due to the arrest of Mr. Madoff and the announcement that any income reported from investments with Mr. Madoff are fictitious."[2] The United States Treasury (the "Treasury") and the New York State Department of Taxation (the "NYS Tax Department") thereafter refunded substantially all of the tax payments that Movants made over these two years, which were funded by fictitious profits from Madoff's Ponzi scheme.

Shortly after the complaint was brought against them, Movants filed their first motion to withdraw the reference on the subsequent transfer action, which this Court recently denied as moot. *See* Mot. to Withdraw the Reference, *Picard v. Sage*, No. 23-cv-04785 (S.D.N.Y. June 7, 2023), ECF No. 1; Memo Endorsement, *id.*, ECF No. 16.

---

[1] The Trustee also filed a collection action in New York Supreme Court. *Picard v. Sage*, Index No. 156861/2025 (Sup. Ct., N.Y. County 2025).

[2] Trial Exhibit TX-742 at 2 (2007 Amended Individual Tax Return for Malcolm Sage and Lynne Florio), *Picard v. Sage Associates*, 20 Civ. 10057 (S.D.N.Y.). This exhibit is not being filed on the docket as a courtesy to Movants but can be provided to the Court if requested.

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 14 of 25

In the Bankruptcy Court, Movants have made numerous motions and filings that have delayed the Trustee's subsequent transfer action against them, including: (i) a motion to extend their time to answer or respond to the Trustee's complaint (*Picard v. Malcolm Sage*, Adv. Pro. No. 23-01099 (Bankr. S.D.N.Y.), ECF Nos. 5, 8); (ii) a motion to dismiss (*id.*, ECF Nos. 26, 35); (iii) a letter-motion to convert then-Bankruptcy Judge Cecelia G. Morris's partial denial of their motion to dismiss (*id.*, ECF No. 44) to proposed findings of fact and conclusions of law for review by the District Court (*id.*, ECF No. 45); and (iv) an opposition to the Trustee's Notice of Presentment of the Order denying the motion to dismiss. *Id.*, ECF No. 54. They thereafter requested extensions of time to answer the complaint and respond to discovery requests. *See id.*, Stipulation & Order Extending Defs.' Time to Answer, ECF No. 69; So Ordered Stipulation Extending Defs.' Time to Answer, ECF No. 72. After Bankruptcy Judge Lisa G. Beckerman allowed their counsel to withdraw, Movants obtained several extensions of time to locate new counsel during which all discovery was essentially stayed. *Id.*, ECF Nos. 98, 103, 107, 109. In May 2025, they informed the Bankruptcy Court that they would be proceeding *pro se*. *Id.*, ECF No. 115.[3]

Recently, Bankruptcy Judge Lisa G. Beckerman ordered Movants to respond by December 15, 2025 to discovery served by the Trustee in May 2024. *Picard v. Sage*, 23-01099 (LGB) (Bankr. S.D.N.Y. Oct. 1, 2025), ECF No. 127. One week later, Sage and Florio filed a second motion to withdraw the reference on the subsequent transfer action on the docket of the initial transfer case that had been withdrawn by Judge Nathan, tried by Judge Keenan, and transferred to Judge Cote, before whom the motion to vacate the judgment under Rule 60(d)(3) was pending. *Picard v. Sage Assoc.*, 20-cv-10057 (DLC) (S.D.N.Y. Oct. 8, 2025), ECF Nos.

---

[3] Mr. Sage is an attorney in the State of New York.

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 13 of 25

150, 153. Judge Cote denied the motion without prejudice, noting that it had been wrongly filed on that docket. *Id.*, ECF No. 156.

The following week, Movants filed this third motion to withdraw the reference on the subsequent transfer action, docketed as *Picard v. Sage*, No. 25-cv-08627 (PGG) (S.D.N.Y. Oct. 17, 2025), ECF No. 1. The case was accepted as related to their prior motion to withdraw the reference filed before Your Honor. *Picard v. Sage*, No. 23-cv-4785 (PGG) (S.D.N.Y. Oct. 21, 2025). Movants request that, in addition to withdrawing the reference, Your Honor coordinate or consolidate this action with *Picard v. Sage Associates*, No. 20-cv-10057 (DLC), which is assigned to Judge Cote.

**ARGUMENT**

In this district, all cases and proceedings arising under, arising in, or related to a bankruptcy case, including SIPA liquidations, are automatically referred to the Bankruptcy Court. *See* Amended Standing Order of Reference, *In the Matter of Standing Order of Reference Re: Title 11*, No. 12 Misc. 32 (S.D.N.Y. Jan. 31, 2012); *see also* 28 U.S.C. § 157(a). SIPA section 78eee(b)(4) similarly requires that all SIPA proceedings are automatically removed to the Bankruptcy Court once commenced. *See also Residential Funding Co., LLC v. Suntrust Mortg., Inc. (In re Residential Cap., LLC)*, No. 14-cv-6015 (RA), 2015 WL 739829, at *3 (S.D.N.Y. Feb. 20, 2015).

For a bankruptcy case to proceed efficiently, the reference to a bankruptcy court may be withdrawn only in the limited circumstances provided for in 28 U.S.C. § 157(d). *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990). That section states that district courts must withdraw a case "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). In terms of what level of

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 16 of 25

consideration is required:

> [M]andatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of *significant open and unresolved issues* regarding the non-title 11 law. The legal questions need not be of 'cosmic proportions,' but must involve *more than mere application of existing law to new facts.*

*Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996) (citation omitted) (emphasis added); *see also Picard v. Savin (In re Madoff)*, No. 20 CV 1186-LTS, 2020 WL 5370576, at *5 (S.D.N.Y. Sept. 8, 2020) (denying motion to withdraw reference where defendants "have not offered any explanation as to why the determination they seek will require significant interpretation of non-bankruptcy federal laws rather than a routine application of the Constitution and federal statutes to a particular set of facts 'such that they may overcome the 'narrow' scope this Circuit gives to mandatory withdrawal under section 157(d)'" (citation omitted)).

As to whether a case can be withdrawn permissively, or for "cause," courts examine the following factors: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) delay and costs to the parties; (4) uniformity of bankruptcy administration; (5) the preventing of forum shopping; and (6) other related factors. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993); *Wong v. HSBC Bank USA, N.A. (In re Lehman Bros. Holdings Inc.)*, 532 B.R. 203, 208 (S.D.N.Y. 2015). Movants bear the burden of demonstrating "cause" to warrant withdrawal. *See Thaler v. Parker*, 525 B.R. 582, 585 (E.D.N.Y. 2014) (party seeking withdrawal bears the burden of establishing "cause"); *In re Ames Dep't Stores, Inc.*, No. M-47 (PKL), 1991 WL 259036, at *2 (S.D.N.Y. Nov. 25, 1991).

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 17 of 25

## I. NO BASIS EXISTS TO WITHDRAW THE REFERENCE ON MANDATORY GROUNDS

One issue that must be decided in this action is whether the Treasury and NYS Tax Department can be considered "transferees" under section 550(a) of the Bankruptcy Code as to those portions of the tax payments made by Movants that were refunded by the tax authorities. Movants contend that such a determination "implicates sovereign-immunity doctrines and the statutory construction of Titles 26 and 31—subjects plainly outside the Bankruptcy Court's core jurisdiction." *Id.* at 8, ECF No. 1 at 14. Not so. Rather, the Bankruptcy Court need only to apply existing law to the facts before it, militating against mandatory withdrawal. *Picard v. Savin (In re Madoff)*, No. 20 CV 1186-LTS, 2020 WL 5370576, at *5 (S.D.N.Y. Sept. 8, 2020).

Movants claim that adjudicating the Trustee's claim against them requires "substantive interpretation of how Treasury processes, holds, and disburses taxpayer funds—matters historically reserved to Article III courts." Mem. of Law in Support of Mot. to Withdraw the Reference ("Memo") at 7-8, ECF No. 1 at 13-14. The tax laws that Movants point to as the basis for withdrawal are the Internal Revenue Code and Revenue Procedure 2009-20. The relevant section of the Internal Revenue Code shows that in the absence of any outstanding liability, the Treasury *must* refund any overpayment of income taxes to a taxpayer:

> In the case of any overpayment, the Secretary [of the United States Treasury] . . . *may credit* the amount of such overpayment . . . against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and *shall*, subject to subsections (c), (d), (e), and (f), *refund* any balance to such person.

26 U.S.C. § 6402(a) (emphasis added). Revenue Procedure 2009-20 is guidance issued by the IRS to advise of a further option available to taxpayers who were victims of losses from Ponzi-type investment schemes. Rev. Proc. 2009-20.

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 18 of 25

Here, the adjudication of the Trustee's subsequent transferee claim against Movants requires the Bankruptcy Court to apply existing law to the facts of this case. The Bankruptcy Court will determine whether the taxing authorities were transferees under the Bankruptcy Code or simply mere conduits of the funds at issue. *See In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 130 F.3d 52, 55 (2d Cir. 1997). On this issue, the Bankruptcy Court will be guided by existing law. *See, e.g., In re Custom Contractors, LLC*, 745 F.3d 1334, 1351 (11th Cir. 2014) (holding that the IRS is not a transferee of any portion of a tax payment which it is obligated to refund pursuant to 26 U.S.C. § 6402); *Pergament v. Brooklyn Law School*, 595 B.R. 6 (E.D.N.Y. 2019) (affirming bankruptcy court's holding that educational institutions were mere conduits as to those portions of tuition payments which remained subject to refund and citing *In re Custom Contractors*); *In re Hamadi*, 597 B.R. 67 (Bankr. D. Conn. 2019) (holding the same for refundable payments of tuition and fees made to the University of Connecticut).

Thus, to decide this issue, the Bankruptcy Court need not *construe* any provisions of the Internal Revenue Code. Rather, it need only *apply* the provisions of the Internal Revenue Code (*e.g.*, 26 U.S.C. § 6402(a)) to ascertain the status of the taxing authorities under the Bankruptcy Code and other relevant authority. Application of non-Title 11 federal statutes does not require withdrawal, even where a new set of facts are alleged. *In re Ames Dept' Stores Inc.*, 512 B.R. 736, 740 (S.D.N.Y. 2014); *United States v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 63 B.R. 600, 602 (S.D.N.Y. 1986); *O'Connell v. Terranova (In re Adelphi Inst, Inc.)*, 112 B.R. 534, 537 (S.D.N.Y. 1990) (denying mandatory withdrawal in adversary proceeding that "involve[d] application of the RICO statute to the facts of the complaint").

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 19 of 25

Nor will the Bankruptcy Court be required to explore the implications of Revenue Procedure 2009-20. The express purpose of that Revenue Procedure is to "provide[] an optional safe harbor treatment for taxpayers that experience losses in certain investment arrangements discovered to be criminally fraudulent," such as in the case of "Ponzi schemes." Rev. Proc. 2009-20. Specifically, the safe harbor made available to such taxpayers allows "qualified investors [to] treat [such] a loss as a theft loss deduction when certain conditions are met." *Id.* Revenue Procedure 2009-20 is not a procedure "expressly designed to allow Madoff victims . . . to obtain refunds of taxes previously paid on phantom income" as Movant mistakenly suggest, Memo at 11 (ECF No. 1 at 17), and thus has no impact on the analysis the Bankruptcy Court must conduct here.

Finally, Movants contend that the Bankruptcy Court also must consider the "constitutional and statutory limits of sovereign immunity." Memo at 7 & 11, ECF No. 1 at 13, 17. Because the Trustee is not seeking any recovery from the Treasury or the NYS Tax Department, the Bankruptcy Court thus need not wade into issues of sovereign immunity. And in any event, sovereign immunity is abrogated as to the United States involving claims under 11 U.S.C. § 550. *See Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin*, 599 U.S. 382, 388 (2023) (holding Section 106(a) "unequivocally abrogates the sovereign immunity of all governments, categorically."). Because there is no sovereign immunity issue here for the Bankruptcy Court to address, withdrawal is not required.

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 20 of 25

## II. MOVANTS CANNOT DEMONSTRATE CAUSE FOR PERMISSIVE WITHDRAWAL OF THE REFERENCE

### A. Movants' Reasons for Withdrawal Do Not Establish "Cause"

Movants cannot meet the standards for permissive withdrawal either. Movants claim that the Court should withdraw the reference because: (1) the issues in the subsequent transfer action overlap with the issues in the Rule 60(d)(3) motion recently denied by Judge Cote; (2) there are inefficiencies in having the subsequent transfer case proceed in the Bankruptcy Court while the Rule 60(d)(3) motion is pending before Judge Cote; (3) a liquidation-wide order on settlements entered by the Bankruptcy Court in 2010 requires scrutiny and oversight by this Court; and (4) the Trustee's pursuit of subsequent transfers from Mr. Sage's wife, Ms. Florio, is selective and vindictive. None of these establish cause to permissively withdraw the reference.

Judge Cote recently denied the Rule 60(d)(3) motion to vacate the judgment, making most of Movants' reasons for permissive withdrawal moot. *Picard v. Sage*, 20-cv-10057, 2025 WL 2939174, at *2 (S.D.N.Y. Oct 16, 2025). Given that the claims were tried and appealed, and Movants' efforts to vacate the judgment failed, there is no real risk of "inconsistent determinations" or "inefficient resolution of questions already before this Court," Mot. at 17. Although it appears that Movants will request that Judge Cote reconsider her decision, the judgment is likely to stand given the "strict" standards for reconsideration that require Movants to identify controlling decisions or data that Judge Cote overlooked—something they cannot do. *See, e.g.*, *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)), *cert. denied*, 145 S. Ct. 279 (2024).

Nor are vague claims of some need of oversight sufficient for permissive withdrawal. Movants allege that the Settlement Order authorizing the Trustee to efficiently settle claims

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 21 of 25

(*SIPC v. BLMIS*, 08-01789 (LGB) (Bankr. S.D.N.Y. Nov. 12, 2010), ECF No. 3181) somehow demonstrates that only an Article III court can ensure that the Trustee is following the law. Mot. at 9, ECF 1 at 15. Movants' complaint seems to be grounded in the fact that the Trustee has settled with Mr. Sage's siblings on the judgment for which they were jointly and severally liable, claiming that the Trustee is pursuing Movants "far more aggressively than his identically situated siblings." *Id.* But there is nothing nefarious at play: all the Trustee has done is sought to collect on a judgment after trial and Mr. Sage's siblings consensually agreed to settle with the Trustee on terms consistent with their financial wherewithal. As to Movants' claim that the Settlement Order prevented them from "knowing the amounts or terms of the compromises reached," Mot. at 10, ECF. No. 1 at 16, considering that Mr. Sage recited the terms of the settlements in open court at the last hearing before the Bankruptcy Court—terms that are plainly on the District Court docket—such claim is false. *See* Hearing Tr. at 17–18, Picard v. Sage & Florio, No. 23-01099 (LGB) (Bankr. S.D.N.Y. Sept. 30, 2025), ECF No. 128, attached as Exhibit A to the Declaration of Seanna R. Brown; Partial Satisfaction of Judgment, *Picard v. Sage Associates*, 20-cv-10057 (S.D.N.Y. Sept 11, 2025), ECF No. 146 (disclosing that Martin Sage agreed to pay $2,401,066.35 and that Ann Passer has paid $800,355.45 in satisfaction of the judgment); *Picard v. Sage Realty*, 20-cv-10107 (S.D.N.Y. Sept. 11, 2025), ECF No. 80 (disclosing that Martin Sage agreed to pay $598,933.65 and that Ann Passer has paid $199,644.55 in satisfaction of the judgment).

Nor is there anything nefarious in the Trustee alleging claims against Ms. Florio where the records show that she received subsequent transfers of stolen BLMIS customer property. The Trustee's mandate is to collect all customer property, wherever it lies, for the benefit of the BLMIS estate and its customers. *See, e.g.*, 15 U.S.C. § 78fff-2(c)(3) ("Whenever customer

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 22 of 25

property is not sufficient to pay in full the [customers'] claims . . . the trustee may recover any property transferred by the debtor which, except for such transfer, would have been customer property . . ."); *Picard v. Citibank*, 12 F.4th 171, 180 (2d Cir. 2021) ("Picard's goal in this liquidation is to satisfy the allowed customer claims.").

Finally, no weight should be given to the claim by Movants that the Bankruptcy Court conceded that it lacks the authority to restrain the Trustee from collecting on his judgment. *Id.* The Bankruptcy Court merely acknowledged that it cannot vacate or otherwise interfere with the judgment entered by this Court. *See* Hearing Tr. at 20, Brown Decl. Ex. A ("I don't get to overturn their judgments.").

**B. <u>Movants Cannot Meet the Standards for Permissive Withdrawal</u>**

Putting aside Movants' reasons for withdrawal, there is no objective reason for this Court to withdraw the case. Given that Movants acknowledge that "discovery has not yet been completed in the Bankruptcy Court," Mot. at 17, their motion is premature at best. This Court routinely denies withdrawal motions until the Bankruptcy Court completes its oversight of discovery and rules on summary judgment. *See, e.g.*, *In re Purdue Pharma L.P.*, No. 21 CV 2674 (VB), 2021 WL 5178698, at *6 (S.D.N.Y. Nov. 8, 2021); *In re TS Emp., Inc.*, 2021 WL 5087928, at *4 (S.D.N.Y. Nov. 2, 2021); *Lehman Bros. Holdings Inc. v. Standard Pacific Mortgage, Inc.*, No. 19cv4080, 2019 WL 7593628, at *4 (S.D.N.Y. Aug. 23, 2019). In fact, where other defendants in this SIPA liquidation attempted to withdraw the reference in 2020 and 2021 based on permissive withdrawal, numerous judges in this Court sent the cases back to the Bankruptcy Court to narrow issues for trial. *See* Order, *Picard v. Est. of James M. Goodman*, No. 21-v-01763 (S.D.N.Y. June 16, 2023), ECF No. 11 (finding "[d]efendants' motion to withdraw the reference is therefore denied without prejudice as premature" where case was not "trial ready"); *Picard v. Mayer*, No. 22-cv-00769, 2022 WL 814638, at *2 (S.D.N.Y. Mar. 17, 2022)

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 23 of 25

(denying motion to withdraw reference "without prejudice to any renewed motion to withdraw when the case is ready for trial"); Order, *Picard v. Palmedo*, No. 20-cv-01926 (PGG) (S.D.N.Y. July 8, 2020), ECF No. 5 (denying motion to withdraw the reference as "premature," finding the case not to be "trial-ready," and referring the case back to the bankruptcy court for determination on motion for summary judgment). Even when trial ready, the Bankruptcy Court can issue findings of fact and conclusions of law in lieu of a final order or judgment. *See Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 36 (2014); Order, *Picard v. Est. of Seymour Epstein*, No. 20-cv-01377 (S.D.N.Y. June 8, 2020), ECF No. 8 (denying motion to withdraw the reference and referring case to Bankruptcy Court for proposed findings of fact and conclusions of law); Order, *Picard v. Est. of Allen Meisels*, No. 20-cv-01278 (GHW) (S.D.N.Y. June 8, 2020), ECF No. 17 (same).

Because the Bankruptcy Court has already resolved some of the issues likely to be presented in this case, it is therefore best positioned to do so here. *See Picard v. Mayer (In re Madoff)*, No. 20-01316, 2021 WL 4994435, at *10 (Bankr. S.D.N.Y. Oct. 27, 2021) (denying subsequent transferee defendants' motion to dismiss based on Section 550(b) affirmative defense); *Picard v. Ken-Wen Family Ltd. P'ship (In re Madoff)*, 638 B.R. 41 (Bankr. S.D.N.Y. 2022), *appeal pending*, No. 22-cv-03882 (VEC) (S.D.N.Y.) (determining liability of former general partner to Florida limited partnership on summary judgment).

Finally, one of the "prototypical signs of forum shopping" is "moving for withdrawal after an unfavorable ruling by the bankruptcy court." *In re Kossoff*, 23 Civ. 4132 (JPC), 2024 WL 1892432, at *6 (S.D.N.Y. Apr. 29, 2024). Although Movants have moved for withdrawal previously, it is notable that the instant motion was filed shortly after they were directed by the

Bankruptcy Court to produce discovery. The forum shopping factor weighs against withdrawal as well.

## CONCLUSION

The motion to withdraw the reference should be denied.

Dated: October 31, 2025
New York, New York

*/s/ Seanna R. Brown*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
James H. Rollinson
Email: jrollinson@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

Case 1:25-cv-08627-PGG Document 2 Filed 10/31/25 Page 25 of 25

**CERTIFICATE OF COMPLIANCE**

This brief complies with the word limitation in Local Rule 7.1(c) because it contains 5,710 words, excluding the parts of the brief exempted in the Rule.

/s/ *Seanna R. Brown*
Seanna R. Brown

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION CORPORATION,

Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

Defendant.

Adv. Pro. No. 08-01789 (CGM)

SIPA LIQUIDATION

(Substantively Consolidated)

In re:

BERNARD L. MADOFF,

Debtor.

IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,

Plaintiff,

v.

MALCOLM SAGE and LYNNE FLORIO,

Defendants / Movants.

Adv. Pro. No. 23-01099 (CGM)

No. 25-cv-08627 (PGG)

**DECLARATION OF SEANNA R. BROWN IN SUPPORT OF TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO MOVANTS' MOTION TO WITHDRAW THE REFERENCE**

Case 1:25-cv-08627-PGG Document 3 Filed 10/31/25 Page 2 of 2

I, Seanna R. Brown, declare the following:

1. I am a Partner with the law firm of Baker & Hostetler LLP, counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff. I submit this Declaration in support of the Trustee's Memorandum of Law in Opposition to Movants' Motion to Withdraw the Reference.

2. Attached hereto as Exhibit A is a true and correct copy of the transcript of the hearing held before the Honorable Lisa G. Beckerman, United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York on September 30, 2025 in the matter captioned *Picard v. Sage & Florio*, No. 23-01099 (LGB) (Bankr. S.D.N.Y. Sept. 30, 2025), ECF No. 128.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing statements are true and correct.

Dated: December 31, 2025
New York, New York

Respectfully submitted,

BAKER & HOSTETLER LLP

By: <u>*/s/ Seanna R. Brown*</u>
Seanna R. Brown